# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1959V
### Filed: October 8, 2024

MARVA HOGAN,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

Special Master Horner

*Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.*
*Katherine Edwards, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION AWARDING DAMAGES[1]

On December 26, 2019, Marva Hogan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left-sided Table Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of a tetanus diphtheria vaccination she received on January 26, 2018. (ECF No. 1, pp. 1, 3.)

On September 25, 2023, a ruling on entitlement was issued, finding petitioner entitled to compensation for a Table SIRVA. (ECF No. 58.) On October 8, 2024, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $110,000.00. (ECF No. 79.) In the Proffer, respondent represented that petitioner agrees with the proffered award. (*Id.*) Based on the record as a whole, I find that petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $110,000.00 in the form of a check payable to petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

|  |  |
|---|---|
| MARVA HOGAN, | |
| Petitioner, | |
| v. | No. 19-1959V |
| | Special Master Daniel T. Horner |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ECF |
| Respondent. | |

## PROFFER ON AWARD OF COMPENSATION

On December 26, 2019, Marva Hogan ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine she received on January 26, 2018. ECF No. 1, Petition at 3. On August 15, 2022, petitioner filed a Motion for Ruling on the Record requesting that the Chief Special Master find in favor of entitlement. ECF No. 53. The Secretary of Health and Human Services ("respondent") filed his response on October 17, 2022, indicating that this case was not appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 55. On September 25, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF 58.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 25, 2023 entitlement decision.

## I.  Items of Compensation

Respondent proffers that petitioner should be awarded $110,000.00 in pain and suffering.[2]  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

## II.  Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is therefore not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of $110,000.00, in the form of a check payable to petitioner.  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future pain and suffering.

/s/ Katherine Edwards
KATHERINE EDWARDS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 742-6374
Katherine.Edwards2@usdoj.gov

Dated: October 8, 2024